# PUBLIX SUPERMARKETS, INC. v METROPOLITAN DADE COUNTY BOARD OF RULES AND APPEALS

## Case No. 85-052 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

November 4, 1985

### APPEARANCES OF COUNSEL

**Todd A. Cowart, Blackwell, Walker, Gray, et al.,** for appellant.

**Robert A. Ginsburg,** Dade County Attorney, and **Jay W. Williams,** Assistant County Attorney, for appellee.

Before FULLER, BARAD and GOLDMAN, JJ.

### OPINION OF THE COURT

PER CURIAM.

On November 27, 1984, a County Building Inspector issued a notice of violation of Section 515.3 of the South Florida Building Code which sets forth the minimum requirements for accessibility for the physically disabled or handicapped. The Ordinance provides:

> "Entrance and exit barriers and other control devices, interior or exterior such as posts, turnstyles, checkout lanes, rails and gates, shall provide a twenty nine (29) inch clear opening for wheelchair

passage. Passage ways which do not meet this criteria may be allowed if an alternative adjacent means such as a gate, providing a twenty nine (29) inch clear opening, is readily available."

A review of the record indicates that the County Building Inspector did not consider the last sentence of the Ordinance which relates to alternative adjacent means of passage. At the appeal hearing on January 14, 1985, Publix argued that the records of the Board did not reflect the interpretation that all check out lanes must provide a twenty nine (29) inch clearance and that in accordance with the Ordinance, Publix had provided "alternative adjacent means" of passage with two extra wide lanes designed for use with a special handicapped shopping cart. Although recognizing that the building code provides alternative methods of compliance, the Board summarily denied Appellant's appeal.

We reverse. An Administrative Ruling which is contrary to the plain and unambiguous language of a legislative act is clearly erroneous, and should be reversed. The ruling of the Board in this case, based upon its interpretation of Section 515.3 of the SFBC, is contrary to the plain language of that section and is therefore clearly erroneous. Accordingly, the cause is remanded to the Board with the direction that it reverse the finding on the violation and issue to Publix the permanent certificate of occupancy.